```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,
                                                  MEMORANDUM & ORDER
                                                      20-CR-0235
         -against-

KAREEM LEMAY and TORRANCE
LANGHORNE,

                         Defendants.
----------------------------------------X
APPEARANCES
For United States:   Michael R. Maffei, Esq.
                     United States Attorney's Office
                     Eastern District of New York
                     610 Federal Plaza
                     Central Islip, New York 11722

For Defendant:       Glen A. Obedin, Esq.
                     Naiburg, Obedin & Weissman, LLP
                     The Courthouse Corporate Center, Suite 4200
                     320 Carleton Avenue
                     Central Islip, New York 11722
```

SEYBERT, District Judge:

Before the Court is Defendant Torrance Langhorne's omnibus motion, which seeks: (1) dismissal of Counts One, Four, Seven, Eight, and Nine of the Superseding Indictment; (2) severance from co-defendant Kareem Lemay; (3) inspection of the grand jury minutes; and (4) other discovery requests. (Def. Mot., ECF No. 68.)[1] The Government opposes the omnibus motion. (Gov't Opp'n, ECF No. 71.) Defendant Langhorne has not filed a reply.

---

[1] Defendant Langhorne submitted his motion, in person, to the Court at an October 29, 2021 status conference. (See Min. Entry, ECF No. 67.) At the time, Defendant Langhorne was proceeding pro se; however, during a colloquy that occurred during the status

1

For the reasons that follow, Defendant Langhorne's omnibus motion is DENIED; however, his request to preclude the Government from introducing evidence of his prior convictions is DENIED without prejudice to renew prior to trial.

FACTUAL AND PROCEDURAL BACKGROUND

By way of brief background, on July 2, 2020, a federal grand jury returned an indictment charging Defendant Lemay with various narcotics-related offenses. (Indictment, ECF No. 1.) On September 3, 2020, a federal grand jury returned a superseding, ten-count indictment that added Defendant Langhorne as a co-defendant, charging Defendant Langhorne with conspiring to distribute and possess with intent to distribute controlled substances and distribution and possession with intent to distribute controlled substances. (See generally Superseding Indictment, ECF No. 14.) Specifically, in the Superseding Indictment, the Government alleges that Defendant Langhorne committed various narcotics-related offenses, including: (1) conspiring with Defendant Lemay and others to distribute more than twenty-eight grams of cocaine base and cocaine between March 2019 and June 2020 (Count One); (2) distributing over twenty-eight grams of cocaine base on July 23, 2019 with Defendant Lemay (Count

---

conference, Defendant Langhorne indicated to the Court that he wanted to be represented by Glen Obedin, Esq., who had been serving as Defendant Langhorne's stand-by advisory counsel. Nevertheless, Defendant Langhorne insisted on submitting his motion, pro se.

2

Four); (3) distributing cocaine on January 9, 2020 and January 10, 2020 (Counts Seven and Eight); and (4) possessing cocaine base with the intention to distribute on January 16, 2022 (Count Nine). (Id. ¶¶ 1, 4, 7-9.)

Prior to his arraignment on the Superseding Indictment, the Court appointed Joseph Ferrante, Esq. as counsel for Defendant Langhorne.  Thereafter, the Government produced discovery to Defendant Langhorne, including certain materials produced subject to a protective order (see ECF Nos. 26, 37, 38, 43), until Defendant Langhorne indicated that he sought to terminate Mr. Ferrante as counsel (ECF No. 49).  The Court granted Defendant Langhorne's request and appointed Matthew Brissenden, Esq., as counsel for Defendant Langhorne.  (ECF Nos. 53, 54.)  The Government produced additional discovery in response to Mr. Brissenden's requests, until Defendant Langhorne terminated him as counsel.  (See ECF No. 65.)  Thereafter the Court appointed Glenn A. Obedin, Esq. as stand-by counsel for Defendant Langhorne, until Defendant Langhorne stated that he wanted Mr. Obedin to represent him at the Court's October 29, 2021 status conference.  The Court finds it necessary to summarize Defendant Langhorne's changes of counsel, because the omnibus motion appears to be an incomplete draft of a motion prepared by one of Defendant Langhorne's prior appointed counsels.  For example, several arguments are framed as "possible arguments."  (See, e.g., Def. Mot. at 9 (header:

"Possible Brady Violation," followed by several questions regarding the seizure of Defendant Langhorne's cell phone).) Further, many of the discovery issues raised therein have been mooted by subsequent Government productions.

Having briefly summarized the Superseding Indictment and relevant procedural background, the Court turns to Defendant Langhorne's omnibus motion.

## DISCUSSION

I. Motion to Dismiss the Indictment

Pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure (the "Rules"), a defendant may move to dismiss an indictment for various defects, including "a failure to state an offense." FED. R. CRIM. P. 12(b)(3)(B); United States v. Aleynikov, 676 F.3d 71, 75-76 (2d Cir. 2012) ("[A] federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute." (citation omitted)). A motion to dismiss an indictment must satisfy a "high standard." United States v. Brooks, No. 06-CR-0550, 2009 WL 3644122, at *2 (E.D.N.Y. Oct. 27, 2009) (Seybert, J.) (quoting United States v. Kerik, 615 F. Supp. 2d 256, 262 (S.D.N.Y. 2009)). Rule 7(c)(1) requires only that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Thus, an indictment is sufficient if it: (1) "contains the elements of the offense charged and fairly

4

informs a defendant of the charge against which he must defend," and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117-18 (1974) (internal citations omitted). To meet these requirements, "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" Id. (quoting United States v. Carll, 105 U.S. 611, 612 (1882)). Moreover, "the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." United States v. Alfonso, 143 F.3d 772, 777 (2d Cir. 1998).

The Court finds the Superseding Indictment is sufficient and all of the Counts against Defendant Langhorne are adequately pleaded. In each of the Counts, the Government's allegations track the language of the relevant statutes, identify the elements of the offense charged, and furnish the time period, location, and nature of the crime alleged. For example, Count Four reads as follows:

> On or about July 23, 2019, within the Eastern District of New York and elsewhere, the defendant KAREEM LEMAY, also known as "Showtime," and TORRANCE LANGHORNE, also known as "Fella," together with others, did

5

> knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 28 grams or more of a substance containing cocaine base, a Schedule II controlled substance.
>
> (Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii); Title 18, United States Code, Sections 2 and 3551 et seq.)

Title 21, United States Code, Section 841 makes it unlawful to knowingly or intentionally distribute or possess with intent to distribute a controlled substance.  Thus, Count Four tracks the language of the relevant statute, identifies the elements of the charged offense, and provides Defendant with the time and location of the alleged sale.  This is sufficient under Rule 7 and controlling caselaw.  See, e.g., United States v. Aronov, No. 19-CR-0408, 2021 WL 2351175, at *4 (E.D.N.Y. June 9, 2021) (denying motion to dismiss because the indictment tracked the statutory language of the charged crimes and provided notice of the defendant's alleged criminal conduct).

In essence, Defendant Langhorne does not dispute the fact that the Counts set forth in the Superseding Indictment track the applicable statutory language.  Rather, he bases his motion on the evidence that will be presented at trial.  (See generally Def. Mot. at 2-9; see also id. at 5-6 (arguing certain evidence, such as videos of the alleged drug sales and a Facebook chat involving the Defendants, warrants dismissal of the Superseding

6

Indictment).) However, Rule 12(b) permits only pre-trial motions regarding a "defense, objection, or request that the court can determine without trial on the merits." FED. R. CRIM. P. 12(b)(1). Thus, "[t]o the extent [Defendant Langhorne] seeks to challenge the truth of the allegations in the Superseding Indictment or the sufficiency of the Government's evidence, this presents a factual question that cannot be decided on a motion to dismiss." Aronov, 2021 WL 2351175, at *4. As a result, Defendant Langhorne's argument is misplaced; a facially valid indictment is "enough to call for trial of the charge on the merits." Costello v. United States, 350 U.S. 359, 409 (1956).

Last, to the extent Defendant Langhorne argues for the application of the "buyer-seller exception" to conspiracy, it has no application to Counts Seven, Eight, and Nine, which do not allege a conspiracy, and is premature as to Count One. See United States v. Mittal, No. 98-CR-1302, 1999 WL 461293, at *6 (S.D.N.Y. July 7, 1999) (declining to dismiss conspiracy count based on the buyer-seller exception at the motion to dismiss stage).

Accordingly, Defendant Langhorne's motion to dismiss Counts One, Four, Seven, Eight, and Nine of the Superseding Indictment is DENIED.

II. Motion to Sever

Next, Defendant Langhorne argues that he and Defendant Lemay are improperly joined under Rule 8(b) and that he will suffer

7

substantial prejudice under Rule 14(a) if tried alongside Defendant Lemay. (Def. Mot. at 9.) In particular, Defendant Langhorne speculates that the Government may seek to elicit evidence of Defendant Lemay's gang membership. (Id.)

The Court recently articulated the governing standard for motions to sever in United States v. Isen, No. 17-CR-0372, 2019 WL 6875369, at *1 (E.D.N.Y. Dec. 17, 2019) (Seybert, J.). Under Rule 8, defendants may be jointly charged "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." See id. (quoting FED. R. CRIM. P. 8(b)). "[J]oinder is proper where two or more persons' criminal acts are unified by some substantial identity of facts or participants or arise out of a common plan or scheme." United States v. Rittweger, 524 F. 3d 171, 177 (2d Cir. 2008) (internal quotation marks and citations omitted). Whether joinder is proper "must be determined on a case-by-case basis" and using "commonsense." Id. at 177-78.

The Court must consider whether "joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice." Id. at 177.

> The Supreme Court has expressed a strong preference in the federal system for joint trials of defendants who are indicted together to promote efficiency and serve the interests of justice by preventing the inequity of inconsistent verdicts. Indeed, a district court should grant severance under Rule 14

> only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

United States v. Shkreli, 260 F. Supp. 3d 247, 252-53 (E.D.N.Y. 2017) (internal quotation marks and citations omitted). Additionally, because Rule 8(b) "authorizes some prejudice against the defendant, a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in substantial prejudice." United States v. Amato, 15 F.3d 230, 237 (2d. Cir. 1994) (internal quotation marks and citations omitted).

Here, Defendant Langhorne cannot meet that "heavy burden," and the Court finds the Counts of the Superseding Indictment are properly joined. The Government charges Defendants Langhorne and Lemay with conspiring to distribute controlled substances (Count One) and acting in concert to accomplish one such alleged sale (Count Four). Thus, trying Defendants together will be efficient in light of the overlapping facts and witnesses to be presented at trial. See Isen, 2019 WL 6875369, at *1 (finding joinder proper where "overlapping witnesses" would be called to testify about the defendants' alleged scheme). In any event, Defendant Langhorne cannot show that joinder will result in substantial prejudice. The Government "anticipate[s] offering very limited" testimony as to Defendant Lemay's alleged gang membership, and a limiting instruction "will suffice to cure any

9

risk of prejudice here." Zafiro v. United States, 506 U.S. 534, 539 (1993).

Accordingly, Defendant Langhorne's motion to sever is DENIED.

III. Motion to Inspect the Grand Jury Proceedings

Defendant Langhorne also seeks to inspect the grand jury testimony pursuant to Rule 6, alleging "there was inaccurate information provided to the grand jury." (Def. Mot. at 10, 12.)

Rule 6 provides for disclosure of grand jury material where the defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). Federal courts recognize the "long-established policy that maintains the secrecy of the grand jury proceedings." Dennis v. United States, 384 U.S. 855, at 869 (1966). To further that policy, "[a] presumption of regularity attaches to grand jury proceedings." United States v. Leung, 40 F.3d 577, at 581 (2d Cir. 1994). To overcome that presumption of regularity, the defendant must make a "strong showing of particularized need." Dennis, 384 U.S. at 868. The Second Circuit requires that the defendant make specific factual allegations of government misconduct before a district court permits review of grand jury proceedings. Leung, 40 F.3d at 582.

Here, Defendant Langhorne has not made the required strong showing of particularized need. Defendant Langhorne

10

speculates that "the evidence before the Grand Jury may have been deceiving and legally insufficient." (Def. Mot. at 10.) This speculation is premised upon the decision to charge Defendant Langhorne two months after Defendant Lemay, even though supposedly "all of the investigative work was already completed" when the Government indicted Defendant Lemay. (Id.) However, it is well established that "[m]ere speculation and surmise as to what occurred before the grand jury are not sufficient to overcome th[e] presumption of regularity." United States v. Scott, 624 F. Supp. 2d 279, 291 (S.D.N.Y. 2008). Indeed, the Court recently denied a similar motion from Defendant Lemay for the same reason. (See Oct. 29, 2021 Min. Entry, ECF No. 67); see also United States v. Terry, No. 18-CR-0560, 2020 WL 7711863, at *1 (E.D.N.Y. Dec. 29, 2020).

Because Defendant Langhorne makes no specific claim of impropriety in the grand jury proceedings, the Court declines to permit inspection of the grand jury testimony or dismiss the indictments on such grounds, which courts have noted is a "drastic remedy that is rarely used." United States v. Silver, 103 F. Supp. 3d 370, 376 (S.D.N.Y. 2015).

IV. The Discovery Motions

Defendant Langhorne also makes several discovery-related requests. First, Defendant Langhorne requests Jencks material and witness statements "30 days before suppression hearings," although

11

no such hearings have been requested or set to date.  (Def. Mot. at 16.)  The Jencks Act "requires the government to produce statements made by government witnesses after a witness called by the United States has testified on direct examination."  United States v. Bridges, 61 Fed. App'x 736, 739 (2d Cir. 2003) (summary order) (citations omitted).  Thus, by its terms, the Jencks Act does not obligate the Government to disclose such material thirty days prior to trial.  Moreover, the Government has expressed its "intention to provide [Jencks] material to the defense approximately two weeks before trial."  Such a timeframe is more than sufficient in this case.  Accordingly, Defendant Langhorne's request for early disclosure of Jencks material is DENIED.

Similarly, Defendant Langhorne moves for disclosure of "Brady/Giglio information" thirty days before any suppression hearing or trial.  (Def. Mot. at 15, 17.)  The Court finds that the Government has complied with its Brady obligations by certifying that it "is unaware of any Brady material but will produce such material in a timely manner should any be discovered" (Gov't Opp'n at 9), and that its stated intention to provide any Giglio material two weeks before trial (id. at 10) is sufficient to ensure Defendant Langhorne is able to mount his defense at trial.  Accordingly, Defendant Langhorne's request for early disclosure of Brady and Giglio material is DENIED.

Last, Defendant Langhorne seeks to preclude the Government from introducing evidence of his prior convictions. (Def. Mot. at 10-11.) Considering many of the arguments in Defendant Langhorne's motion appear in draft form, at this juncture the Court finds it prudent to DENY WITHOUT PREJUDICE Defendant Langhorne's request, which he may renew at the motion in limine stage, if appropriate.

The Court has considered Defendant Langhorne's remaining discovery-related arguments and finds them moot or without merit.

CONCLUSION

For the foregoing reasons, Defendant Langhorne's omnibus motion (ECF No. 68) is DENIED; however, Defendant Langhorne's request to preclude the Government from introducing evidence of his prior convictions is DENIED without prejudice to renew prior to trial.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  13 , 2022
       Central Islip, New York

13